DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JAMELL DEMONS,**
Appellee.

No. 4D2024-0248

[October 15, 2025]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 19-001872-CF10A.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout of Law Office of Carey Haughwout, West Palm Beach, for appellee.

GROSS, J.

The State appeals orders suppressing evidence in two trial court cases involving Jamell Demons—a double murder case and a related witness tampering case.[1] The trial court furnished detailed rulings through an omnibus order addressing more than a dozen warrants.[2]

The trial court deemed search warrants associated with digital storage and social media platforms to be overbroad. Consistent with the affidavits filed in support of the warrants, the trial court severed the warrants' impermissible portions and temporally limited the warrants' scope to the

---

[1] While we consolidated the related appeals for review by the same panel, this opinion addresses 4D2024-0248, the double murder case.

[2] We do not reach the evidentiary ruling regarding adoptive admissions on a promotional video, as those rulings are part of a non-final, non-appealable order.

date or hours before the murders to pinpoint Demons's location around the time of the murders.

In its appeal of the omnibus order, the State does not defend the propriety of the individual warrants. Rather, the State argues that all evidence recovered from the warrants' execution would have been inevitably discovered or obtained from independent sources.

Demons filed a cross-appeal to challenge the omnibus order. Demons argues that Florida law does not permit "severance" of constitutionally infirm general warrants, so all evidence associated with those warrants should have been suppressed and not temporally limited.

We affirm the trial court's order. Regarding the independent source/inevitable discovery arguments, the trial court was entitled to reject the testimony of the State's primary witness as "rank speculation."

We write primarily to discuss our reasons for rejecting Demons's criticisms of the trial court's narrowing of the warrants' scope. Demons argues that "proportionality" must be considered with any severing of a warrant; a court must consider "the relative size of the valid and invalid portions of the warrant," and "severance is not appropriate where only a 'relatively insignificant' portion of the warrant is valid." *See United States v. Pilling,* 721 F. Supp. 3d 1113, 1129 (D. Idaho 2024) (citations omitted).

The trial court noted that Florida and some federal courts have agreed that a warrant's partial invalidity does not necessarily render the entire warrant invalid. The trial court found general support in Florida for partial suppression/severability,[3] but no guidance about how to sever. Consequently, the trial court looked to federal cases that outlined a step-by-step methodology. *See United States v. Galpin,* 720 F.3d 436, 448–49 (2d Cir. 2013) (adopting Tenth Circuit's approach and articulating the methodology and remanding for application); *see also United States v. Sells,* 463 F.3d 1148, 1150 n.1 (10th Cir. 2006) (observing that "all federal circuits have followed the doctrine" of severability, "synonymously referring to it as 'severability,' 'severance,' 'redaction,' or 'partial suppression'").

---

[3] *Johnson v. State,* 660 So. 2d 637, 643–44, 644 n.3 (Fla. 1995), in dicta, commented that "American jurisdictions are in general agreement that partial invalidity of a warrant does not in itself render the remainder invalid. An extensive discussion of this point and leading case law is contained in 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment,* § 4.6 (2d ed. 1987)."

The trial court's omnibus order noted the limitations on severability when the challenged provisions are invalid due to lack of probable cause, but the order recognized that federal courts have severed when the challenged provision is overly broad due to a failure to include a reasonable temporal limitation. *See, e.g.*, *United States v. Neuhard*, 770 F. App'x 251, 254 (6th Cir. 2019) (addressing a warrant's lack of date restriction and concluding that even if a date restriction should have been included, "suppression is not the right remedy"). A court should instead "sever the infirm portion" of a warrant "from the remainder which passes constitutional muster." *Id.*

Upon considering federal cases, the trial court applied the Second Circuit's approach as detailed in *Galpin*, which adopted that of *Sells. Galpin*, 720 F.3d at 448. We approve of the trial court's reliance on *Galpin* to narrow the warrants' time frame.

Notably, *Galpin*'s approach accounts for proportionality, as it "cautioned that severance is not an available remedy for an overbroad warrant 'where no part of the warrant is sufficiently particularized, where no portion of the warrant may be meaningfully severed, or where the sufficiently particularized portions make up only an insignificant or tangential part of the warrant.'" 720 F.3d at 448 (internal quotation omitted).

*Galpin* reviewed an order denying suppression of child pornography recovered pursuant to a search warrant for physical property and electronic equipment. *Id.* at 439. The defendant previously had been ordered to register as a sex offender and abide by related terms. *Id.* The defendant argued the warrant was overbroad, as the warrant had authorized a search for evidence of unspecified crimes and images depicting child sexual activity, despite the only specified crime being the defendant's failure to register an internet service provider account or communication identity. *Id.* at 439 n.1.

In considering severability, *Galpin* looked to the Tenth Circuit's "step-by-step" methodology for warrant redaction as outlined in *Sells*[4]:

First, the court must separate the warrant into its

---

[4] *See Sells*, 463 F.3d at 1158 (stating that "[t]otal suppression may still be required even where a part of the warrant is valid (and distinguishable) if the invalid portions so predominate the warrant that the warrant in essence authorizes 'a general, exploratory rummaging in a person's belongings'") ( internal quotation omitted).

constituent clauses. Second, the court must examine each individual clause to determine whether it is sufficiently particularized and supported by probable cause. Third, the court must determine whether the valid parts are distinguishable from the nonvalid parts.

720 F.3d at 448–49 (internal citations omitted).

For severability to apply, "some part of the warrant must be both constitutionally valid and distinguishable from the invalid portions." *Id.* at 449. By contrast, "[r]edaction is inappropriate when the valid portions of the warrant may not be meaningfully severable from the warrant as a whole." *Id. Galpin* concluded that "the court must be able to excise from the warrant those clauses that fail the particularity or probable cause requirements in a manner that leaves behind a coherent, constitutionally compliant redacted warrant." *Id.* (citations omitted). *Galpin* cautioned that "[e]ven where parts of the warrant are valid and distinguishable, severance may be inappropriate where, for instance, the sufficiently particularized portion is only a relatively insignificant part of a sweeping search, or where the warrant is generally invalid but as to some tangential item meets the requirement of probable cause." *Id.* (cleaned up). *Galpin* remanded the case for the trial court to apply the articulated methodology. *Id.* at 450.

Here, the trial court applied the *Galpin* analysis when reviewing each warrant. One example of the trial court narrowing the warrants' scope concerned a warrant for a cloud account affiliated with Demons's iPhone X. The supporting affidavit sought a warrant to track Demons's whereabouts around the time of the murders, but neither the affidavit nor the related warrant included a time range.

The trial court limited the warrant to the time of the shooting and a few hours before and after. The trial court explained that the search warrant affidavit clearly indicated that Demons's physical location during and shortly after the homicides was of vital importance. The order noted that

> Police officers had reason to believe the occupants of the vehicle were on the phone at the time of the shooting, that Defendant had called his mother just after the shooting, that Defendant's phone was in use and communicating with cell towers around the time of the shootings, and that call data records revealed that Defendant was using other forms of communication on his phone, although the police could not pinpoint which specific forms of communication were used.

4

Considering that time range, the trial court identified five categories of evidence limited to those critical hours, while suppressing other evidence obtained from that warrant.

This temporal narrowing comported with the warrant's stated purpose to locate Demons's whereabouts to link him to the crimes. We agree with the Eleventh Circuit's observation that "the preferred method of limiting the scope of a search warrant for a cloud account will usually be time-based." *United States v. McCall*, 84 F.4th 1317, 1328 (11th Cir. 2023).

When suppressing evidence, the trial court temporally limited other warrants associated with digital storage accounts such as Snapchat, Facebook, Instagram, and Gmail. Having reviewed the record, we conclude that the trial court did not abuse its discretion in narrowing the warrants' time frame.

*Affirmed.*

GERBER, J., and SHULLMAN, SARAH L., Associate Judge, concur.

* * *

***Not final until disposition of timely-filed motion for rehearing.***

5